UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
JERRY CANKAT,                                   :
                                                :
                       Plaintiff,               :
                                                :            **REPORT AND**
            -against-                           :            **RECOMMENDATION**
                                                :            **AND ORDER**
LITTLE MOROCCO RESTAURANT CORP.                 :
d/b/a LITTLE MOROCCO RESTAURANT,                :            15-CV-3437 (NG)(PK)
                                                :
                       Defendant.               :
------------------------------------------------------------- x

**Peggy Kuo, United States Magistrate Judge:**

Plaintiff Jerry Cankat seeks leave to file an Amended Complaint in this action. For the reasons discussed below, Plaintiff's request is denied. Further, the undersigned respectfully recommends that this action be dismissed pursuant to Federal Rules of Civil Procedure 4(m) and 41(b).

## BACKGROUND

On June 12, 2015, Plaintiff Jerry Cankat ("Plaintiff"), represented by counsel, filed a Complaint (Dkt. 1), Civil Cover Sheet (Dkt. 1-1) and Proposed Summons (Dkt. 1-2) in this action. The Civil Cover Sheet lists Jerry Cankat as the Plaintiff and Little Morocco Restaurant Corp. d/b/a Little Morocco Restaurant as the Defendant. (Dkt. 1-1.) The Complaint, however, identifies the plaintiff as "Fredkiey Hurley" and defendant as "69 7th Avenue, Inc. d/b/a Bleecker St. Pizza, a New York for profit corporation," and describes alleged violations by this corporate entity of this individual's rights under the Americans with Disabilities Act.[1] (Dkt. 1.) There is no mention of "Jerry Cankat" or "Little Morocco Restaurant Corp." (*Id.*) In addition, the Complaint lists the

---

[1] The Complaint also refers to the Florida Accessibility Code. It is unclear why, given the Complaint's description of the plaintiff's residence as New York, the corporation's location as New York, and the site of the alleged violations as New York.

action as being brought in the Southern District of New York. (*Id.*) The Proposed Summons also identifies the parties as "Fredkiey Hurley" and "69 7th Avenue, Inc." (Dkt. 1-2), and accordingly, the Clerk of Court issued a Summons for 69 7th Avenue, Inc. on June 12, 2015 (Dkt. 2). The docket entry mistakenly shows that a summons was "Issued as to Little Morocco Restaurant Corp." (*Id.*)

The time to serve the Summons and Complaint elapsed on October 12, 2015. *See* Fed. R. Civ. P. 4(m).[2] However, Plaintiff failed to take any action. On May 16, 2016, the undersigned ordered Plaintiff to show cause why no affidavit of service was filed for the summons issued on June 12, 2015 – eleven months earlier. (See May 16, 2016 Order to Show Cause.) The undersigned warned Plaintiff that this failure to show timely service raised the possibility of a dismissal pursuant to Federal Rule of Civil Procedure 4(m). (*Id.*) In response, Plaintiff stated that "Defendant Little Morroco [sic] Restaurant Corp. d/b/a Little Morocco Restaurant has not yet been properly served due to an error in the filing." (Resp. ¶ 2, Dkt. 6.) Plaintiff did not explain what the "error in filing" was, but stated that "Plaintiff has filed an Amended Complaint with the corrected information and shall be serving upon Defendant." (*Id.* ¶ 3.)

On May 27, 2016, Plaintiff filed a purported "Amended Complaint to Correct Defendants." (Dkt. 5.) Because Plaintiff was not entitled to amend the Complaint pursuant to Federal Rule of Civil Procedure 15(a)(1), the Plaintiff's filing was interpreted as a Motion to Amend the Complaint with a proposed Amended Complaint. (See Dkt. 5.) The undersigned denied the Motion to Amend, and noted that despite Plaintiff's representation of the Amended Complaint as simply correcting the identity of the Defendant, the proposed Amended Complaint listed a different plaintiff, different defendant, and different district court. (See May 31, 2016 Order.) Except for Plaintiff's counsel and boilerplate language regarding alleged violations, the proposed Amended

---

[2] The Federal Rules of Civil Procedure were amended in December 2015 to reduce the time for service of the summons and complaint from 120 days to 90 days. However, because this lawsuit was commenced before the 2015 change, Plaintiff's time to serve was 120 days.

Complaint bore no relationship to the Complaint whatsoever.

Plaintiff failed to take any further action. On December 21, 2016, the undersigned ordered Plaintiff to file a status report by January 6, 2017, indicating whether he would properly seek leave to amend the Complaint or would voluntarily withdraw the action without prejudice. (See Dec. 21, 2016 Status Report Order.) On January 11, 2017, five days after this deadline had elapsed, Plaintiff filed a motion to extend to January 16, 2017 the time to file the required status report. (Dkt. 8.) Plaintiff's motion was granted, but no status report was filed.

On April 17, 2017, Plaintiff was again ordered to file the status report which was due four months earlier. Plaintiff was warned that a failure to comply would result in a recommendation of dismissal of this action for failure to prosecute. (See Apr. 17, 2017 Order.) Plaintiff filed a status report on April 21, 2017, stating that "Plaintiff will be seeking leave to amend the complaint based on the need to join the property owner in this action, who is also liable for violation at the property located at 24-39 Steinway Street, Astoria, New York, 11103, pursuant to the America Disability Act [sic]." (Status Report ¶ 2, Dkt. 10.) On April 28, 2017, Plaintiff moved to amend the Complaint (the "Motion"). (Dkt. 11.)[3]

The undersigned notes that the Motion contains material misstatements. Plaintiff states that "Defendant has not field [sic] a responsive pleading despite service having been properly effectuated (*see* D.E. 5)." (Mot. to File Am. Compl. ¶ 2, Dkt. 11.) However, it is clear that service was never effectuated. In his "Response to Order [sic] Show Cause," Plaintiff concedes that Defendant "has not yet been properly served." (Resp. ¶ 2, Dkt. 6.) There is no affidavit of service; rather, the docket entry cited by Plaintiff in support of this purported "service" is merely Plaintiff's "Amended Complaint." (See Dkt. 5.)

---

[3] While Plaintiff's Motion to Amend, filed on April 28, 2017, was pending, Plaintiff filed another "Motion to Amend" on June 13, 2017 (Dkt. 12), with all of the same documents as the first Motion (Dkt. 11). Plaintiff provided no explanation for the duplicate filing.

3

Plaintiff also states in the Motion that he is seeking "leave of court to join the property owners/landlords John Angelakis and Georgia Andgelakis." (Mot. to File Am. Compl. ¶ 3, Dkt. 11.) The proposed Amended Complaint does much more, though, seeking again to replace completely the plaintiff, defendant, and district court, and enumerating completely different "inspection" results. (*Id.* ¶ 20; see also Mot. to Am. ¶ 19, Dkt. 5.)

## DISCUSSION

**I.      Leave to Amend**

"While Federal Rule of Civil Procedure 15(a) states that leave to amend should be granted 'when justice so requires,' motions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies to amendments previously allowed, or undue prejudice to the non-moving party." *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 126 (2d Cir. 2008); *see also Charlot v. Ecolab, Inc.*, 97 F. Supp. 3d 40, 61 (E.D.N.Y. 2015). Plaintiff brought this action in June 2015. He did not seek leave to amend until May 2016, and then only in response to a court order. He has consistently provided no explanation as to the "error in filing" that would necessitate amendment, while providing the Court with inaccurate information as to the content of the proposed amended pleading. Moreover, because service was never effected in this case, no defendant has ever been put on notice as to the existence of the action. Forcing a defendant to defend against a lawsuit commenced more than two years ago would unduly prejudice any defendant Plaintiff might propose to serve now. Because of Plaintiff's undue delay and the undue prejudice to any defendant, Plaintiff's Motion to Amend is denied.

The undersigned notes that Plaintiff's counsel's conduct borders on bad faith. Rather than admitting that she made an error in filing the wrong complaint in this case, withdrawing it, and re-filing the correct complaint, she has instead purported to "amend" the Complaint by filing a completely different charging document involving completely different parties and alleging

4

completely different inspection results regarding barriers to access. Seeking to add new parties "John Angelakis and Georgia Andgelakis" (Dkt. 11 at 2; Dkt. 11-1 at 1) or "Georgia Angelikas" (Dkt. 11-1 at 1), with a Proposed Summons to "John and/or Georgia Angelakis" (Dkt. 11-2), does not alter the essential problem with the original Complaint: it contained information for a different case altogether. While the pleadings may allege identical violations of the ADA, this is no excuse for counsel to treat her clients or the entities they purport to sue as if they were interchangeable.

## II. Dismissal

Both Rule 4(m) and Rule 41(b) of the Federal Rules of Civil Procedure provide grounds for dismissing this action. Under Rule 4(m):

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – *must* dismiss the action without prejudice against that defendant or order that service be made within a specified time.

Fed. R. Civ. P. 4(m)[4] (emphasis added). The Complaint was filed 14 months ago (Dkt. 1), and Plaintiff was warned that absent proof of timely service, the undersigned might recommend dismissal (May 16, 2016 Order to Show Cause). No defendant has ever been served.

Under Rule 41(b), "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "[I]t is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 210 (2d Cir. 2001) (citation omitted). "Courts have repeatedly found that dismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives." *Rafaniello v. Travelers Cas. Co.*, No. 14-cv-3385 (NGG)(MDG), 2016 WL 4991544, at *2 (E.D.N.Y. Feb. 22, 2016), *R&R adopted*, 2016 WL 5061112 (E.D.N.Y. Sept. 16, 2016) (citation omitted). When a district court contemplates such a dismissal, it must consider:

---

[4] The text of Rule 4(m) on June 12, 2015, when the Complaint was filed.

5

(1) the duration of the plaintiff's failures, (2) whether plaintiff had received notice that further delays would result in dismissal, (3) whether the defendant is likely to be prejudiced by further delay, (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard, and (5) whether the judge has adequately assessed the efficacy of lesser sanctions.

*LeSane*, 239 F.3d at 209. No one factor is dispositive. *Nita v. Conn. Dep't of Envtl. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994). Involuntary dismissals pursuant to Rule 41 are presumptively with prejudice. *Kwan v. Schlein*, 634 F.3d 224, 230 (2d Cir. 2011).

In light of the duration of delay in Plaintiff's prosecution of this action and Plaintiff's repeated failure to comply with court orders, the repeated notice to Plaintiff regarding the possibility of dismissal, the prejudice to any defendant of continuing this action, and Plaintiff's failure to correct problems with the pleadings and service despite multiple opportunities to do so, the undersigned respectfully recommends that this action be dismissed with prejudice for Plaintiff's failure to prosecute it and failure to comply with court orders.

## CONCLUSION

Any objection to this Report must be filed in writing with the Clerk of Court within fourteen (14) days of service. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to timely file any such objection waives the right to appeal the District Court's Order. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

                                          **SO ORDERED:**

                                          *Peggy Kuo*
                                          PEGGY KUO
                                          United States Magistrate Judge

Dated:    Brooklyn, New York
             August 18, 2017